IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANA J. ABRAHAM, individually and as Class Representative for all others similarly situated,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>MIDLAND FUNDING, LLC,  )<br>)<br>)<br>Defendant.  ) | CIVIL ACTION NO.<br>1:14-cv-3485-RWS-JFK |

**MIDLAND FUNDING, LLC'S REPLY IN SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT**

COMES NOW defendant Midland Funding, LLC ("Defendant" or "Midland Funding"), by and through its undersigned counsel, and submits this reply brief in support of its Motion for Summary Judgment, (Doc. 30), stating as follows:

**I. ARGUMENT**

**A.   Midland Funding Cannot Be Held Liable Under the FDCPA For Using a Preprinted Summons Notice Drafted By the Court.**

Midland Funding is not liable under the FDCPA for serving a Statement of Claim on Plaintiff that contained an allegedly erroneous summons because any errors in the summons originated with the Magistrate Court, not Midland Funding. Plaintiff **admits** the summons served on Plaintiff was the same summons provided

in the Magistrate Court's form Statement of Claim.  (Doc. 42-1, Pla. Resp. to Stmt. of Facts No. 16, 17.)  Plaintiff also **admits** the summons at issue was **drafted by the court clerk** and unaltered by Midland Funding.  (*See* Doc. 30-5, Cooper Dec. ¶ 15 & Ex. 5 thereto; Doc. 42-1, Pla. Resp. Stmt. Facts No. 16, 17, 44.)  Based on these facts alone, Midland Funding is entitled to summary judgment on Plaintiff's claims under 15 U.S.C. §§ 1692e, 1692e(10), and 1692f of the FDCPA.

> 1. **The Summons does not contain a "representation" made by Midland Funding.**

Plaintiff cannot establish a violation of § 1692e or 1692e(10) based on a false, deceptive, or misleading "representation" for the basic reason that **Midland Funding has not made any "representations" that are at issue**.  As Plaintiff admits, the summons at issue was drafted by the court clerk.  (Doc. 42-1, Pla. Resp. to Stmt. of Facts No. 16, 17.)  Therefore, Midland Funding cannot be held liable for any misrepresentations in the summons.  *See Newman v. Ormond*, 396 Fed. App'x 636, 639 (11th Cir. 2010) ("[B]ecause the trial notice is a document provided by the court, rather than the debt collector, Ormond could not have made any misrepresentation in violation of the FDCPA in this document.").

*Zevgolis v. Greenberg Law Firm, P.C.*, No. 3:10-cv-625-DWD, 2011 WL 251024, at *3 (E.D. Va. Jan. 26, 2011), is directly on point.  In that case, the court found a "Summons to Answer Interrogatories" issued by the court clerk was not a

communication from the debt collector under the FDCPA. The court found that, although the summons form was filled out by the debt collector, the summons was inherently a **communication from the court** because it was "issued by an authorized clerk of court performing official duties" and "the clerk is not a 'debt collector' as defined by the FDCPA." *Id.* The court also found the defendant did not indirectly convey the information in the summons through the clerk: "Rather, the Clerk of the Court directly conveyed that information which is required by the summons form." *Id.*

Plaintiff's contention that *Zevgolis* did not involve "a court document created by a court clerk" is wrong. As the court explained, the debt collector simply "completed the form provided by the Hopewell, Virginia General District Court, and submitted it to the Clerk of the Court" for service after providing the relevant "names, addresses, dates, times, amount of judgment, etc." 2011 WL 251024, at *3. This is exactly what happened when Greene & Cooper completed the Statement of Claim.[1] While Plaintiff also tries to dismiss *Zevgolis* as based on the FDCPA's exemption for formal pleadings, this was not the basis for the court's

---

[1] *See* Doc. 42-1 at 19, where Plaintiff admits Defendant's Statement of Fact No. 43: "The Statement of Claim form is filled out by an attorney, paralegal, or staff person by adding the name and address of the plaintiff and defendant, a statement regarding the debt and the amount owed, and the signature block of the Greene & Cooper attorneys filing the lawsuit."

ruling, which actually held as follows: "Although the Court concludes that interrogatories themselves are not 'formal pleadings' exempted from the FDCPA's 'initial written communication' requirements, the Court finds that the Summons at issue did not constitute a communication by a creditor subject to the strictures of the FDCPA." *Id.* at *4. In short, a summons issued by a court clerk is not a communication from the debt collector—particularly where, as here, the summons language at issue was unaltered by the debt collector.[2]

Moreover, to the extent the court finds the summons to constitute a communication from Midland Funding (which it should not), Midland Funding can only be held liable under the FDCPA for affirmative misrepresentations which are materially misleading. *See Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 126 (4th Cir. 2014) (collecting cases). Plaintiff has failed to respond to Midland Funding's argument that the statement in the summons requiring notarization of answers (the only affirmative representation at issue) is not materially false or misleading. (*See* Doc. 30-2 at 11-14.) Therefore, Plaintiff has conceded this argument. *See Kramer v. Gwinnett Cty.,* 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("[A] party's failure to respond to any portion or claim in a motion

---

[2] *See* Doc. 42-1 at 22, where Plaintiff admits Defendant's Statement of Fact No. 44: "Greene & Cooper does not draft, revise, or sign the Summons portion of the Statement of Claim form used when filing lawsuits . . . .".

indicates such portion, claim or defense is unopposed."). This is likely due to the fact that Plaintiff did not rely on the alleged misrepresentation and instead filed an answer that was not notarized. (Cooper Dec. ¶ 13.) Because the undisputed facts show Midland Funding did not make a misrepresentation to begin with, and any alleged misstatement is not material, Plaintiff cannot establish a claim based on a false or misleading representation under § 1692e or § 1692e(10).

### 2. Use of the court's pre-printed summons was not misleading or deceptive.

Any claim that Midland Funding's mere use of the court's pre-printed summons notice amounts to a misleading or deceptive "means" of debt collection in violation of §§ 1692e and 1692e(10) of the FDCPA also fails. Plaintiff asserts even though Midland Funding did not draft the summons, it had an affirmative duty to correct any potential errors in it, and it was misleading of Midland Funding not to do so. (Doc. 42 at 6-8.) However, because the summons is issued by the clerk pursuant to statute and was used by Midland Funding in accordance with published court instructions, Midland Funding cannot be held liable under the FDCPA for any errors in the court's summons.[3]

The magistrate court clerk is responsible for issuing summonses. *See*

---

[3] Moreover, whether the summons violated state law is a separate issue from whether the summons violated the FDCPA (which it did not). *See Starosta v. MBNA America Bank, N.A.*, 244 Fed. App'x 939, 941 (11th Cir. 2007).

O.C.G.A. §§ 15-10-102, 15-10-2(6). Plaintiff splits hairs between "issuing" and "drafting" a summons, stating that "[i]ssuance is merely signing of the summons by the clerk or his or her deputy to 'conform' the summons for proper service of process." (Doc. 42 at 18.) Plaintiff has failed to cite any authority in support of this statement. The only case cited by Plaintiff for the proposition that a litigant is responsible for correcting a defective summons is *Archbold v. Cracker Barrel Old Country Store, Inc.*, No. 3:12-cv-2212, 2013 WL 5272846, at *3 (M.D. Pa. Sept. 17, 2013). However, *Archbold* did not involve an allegedly noncompliant summons form provided and drafted by the court. Rather, the plaintiff attempted to blame improper service—caused by the plaintiff's own failure to properly list the defendants on the summons—on the clerk. *Id.* Here, in contrast, Midland Funding is not trying to excuse a service error or other prejudice to Plaintiff caused by a mistake in the summons; indeed, Plaintiff does not even allege to have suffered any damages resulting from the summons. Nor does Plaintiff take issue with anything written by Midland Funding's counsel on the summons form.

Rather, Plaintiff is trying to hold Midland Funding responsible for language provided in a uniform court document, which the court specifically instructed litigants to use. Plaintiff admits that, before and after the Fulton County lawsuit was filed, the court's website instructed litigants to "download the forms from our

website" and the same form used by Midland Funding was provided on the court's website.  (*See* Doc. 42-1, Pla. Resp. to Stmt. of Facts No. 16, 34, 35.)  Even *West v. Lewis Color Lithographers*, No. 6:06-cv-064, 2007 WL 2071531, at *2 (S.D. Ga. July 16, 2007), cited by Plaintiff, excuses litigants who act in reliance on a "*written* court ruling or notice."  Midland Funding was not acting pursuant to ad hoc advice by using the court's form, but rather was complying with the court's published instructions.

While Plaintiff wants to make this a case about relying on erroneous advice, this case actually turns on whether the use of a court's form can be a misleading "means" of debt collection.  Ruling in Plaintiff's favor would require imposing a duty on debt collectors that far exceeds the duties imposed by the FDCPA.  Under Plaintiff's theory, a debt collector is not only responsible for its own actions and statements regarding the debt, but is also responsible for any potentially misleading statement by a third party regarding legal procedure. This is not the law.  Plaintiff has not cited any cases where a debt collector was held liable under the FDCPA for serving a summons provided and drafted by the court where, as here, all of the allegedly misleading information came from the court.  The FDCPA simply does not provide for recovery under these facts.  *See Scioli v. Goldman & Warshaw, P.C.*, 651 F. Supp. 2d 273, 281 (D.N.J. 2009) (noting that holding a debt collector

responsible for allegedly misleading information in a court's form summons "would defy common sense and would not further the goals of the FDCPA").[4]

### 3. Plaintiff has failed to show a violation of § 1692f.

Finally, Plaintiff's § 1692f claim fails because it is duplicative of her claim that the summons is misleading and deceptive. *See Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291, 1308 (11th Cir. 2015) (affirming dismissal of § 1692f claim where appellant failed to identify how the conduct at issue "was either unfair or unconscionable *in addition to* being abusive, deceptive, or misleading"). Plaintiff did not address her § 1692f claim in opposition to summary judgment except for her conclusory statement that "by misleading consumers like Plaintiff, Defendant violated 15 U.S.C. § 1692f, which prohibits unfair or unconscionable means to collect or attempt to collect any debt." (Doc. 42 at 6-7).  Accordingly, Plaintiff has abandoned her § 1692f claim and Midland Funding is entitled to summary judgment on this claim as well. *See Kramer,* 306 F. Supp. 2d at 1221.

---

[4] Plaintiff's claim that *Scioli* does not control because the summons in that case was created by the State, rather than the court, should be rejected. Whether provided by the State or a court, a form provided for all litigants to use does not result in FDCPA liability where, as here, the litigant adds nothing false, misleading, or confusing to the form.

## B.     Any FDCPA Violation Resulted from a Bona Fide Error.

Any violation of the FDCPA (which Midland Funding denies) was the result of a bona fide error. *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1271 (11th Cir. 2011). Plaintiff disputes only the second and third elements of the bona fide error test: whether the error was "bona fide" and whether Midland Funding had procedures reasonably adapted to avoid the error. *See Owen*, 629 F.3d at 1271.

Plaintiff claims use of the court's form summons was not a bona fide mistake because it amounts to ignorance of the law. Not so. Rather than ignoring the law, Midland Funding's collection counsel used the court-provided form with the full intent of complying with the FDCPA and the court's requirements.[5] (Doc. 30-5, Cooper Dec. ¶ 16.) Moreover, Midland Funding requires its counsel to act in accordance with the law, and its counsel maintains procedures for staying informed regarding changes in the law. (*See id.* ¶¶ 3; 5(a); Doc. 30-4, Murphy Dec. ¶¶ 9-16.) Adopting word for word language on a template form provided by a court or agency shows that any error resulting from use of the template is genuine. *See Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 538 (7th Cir. 2005); *Henderson v. Biel*, No. 1:05-cv-1485-JDT-TAB, 2007 WL 2286129, at *9 (S.D.

---

[5] Plaintiff responded to this fact by saying she "cannot determine at this time the intent of Greene & Cooper." (Doc. 42-1 at 22.) Because Plaintiff has not properly rebutted this fact, it is deemed undisputed. *See* L.R. 56.1B(2)a.(2)-(4).

Ind. Aug. 7, 2007).  Here, it is undisputed the summons at issue was the court's form summons.  (Doc. 42-1, Pla. Resp. to Stmt. of Facts No. 16, 17.)  The fact that the court's summons did not match the statutory template verbatim was a genuine mistake by the court, and, therefore, Midland Funding.

Next, Midland Funding maintains procedures reasonably adapted to avoid serving summonses that do not comply with the law.  It is undisputed Midland Funding requires its collection counsel to comply with all applicable law, including state law and the FDCPA.  (Doc. 42-1, Pla. Resp. to Stmt. of Facts No. 11-15.)  Greene & Cooper, in turn, trains and tests its employees on FDCPA compliance at least annually.  (Cooper Dec. ¶ 3.)  In order to comply with the FDCPA and local court requirements, Greene & Cooper uses the filing forms provided by the clerk's office of each magistrate court.  (*Id.* ¶¶ 4, 16; Doc. 42-1, p. 19.)  Greene & Cooper reviews each Statement of Claim it files to ensure it matches the court's form and periodically reviews courts' forms to ensure the firm is using current forms. (Cooper Dec. ¶ 5.)  Given that many Georgia magistrate courts provide Statement of Claim forms customized for their particular court, (Butler Aff. ¶¶ 3-6, and Ex. A thereto at 5-10, 24-43), this is a reasonable procedure for ensuring use of court-compliant forms, including up to date summonses.

Using the court's pre-printed summons form was a procedure "reasonably adapted" to avoid serving debtors with a misleading summons notice. *See Kort*, 394 F.3d at 538; *Henderson*, 2007 WL 2286129, at *9. One would reasonably expect a document drafted and distributed by a court for use in its court to correctly inform defendants of their obligations. That the Fulton County court's form did not do so in this instance does not render Midland Funding's or its counsel's procedures unreasonable. *See Rhinehart v. CBE Group, Inc.*, 714 F. Supp. 2d 1183, 1185 (M.D. Fla. 2010) ("[A] creditor's procedures need not be foolproof.").

Plaintiff's attempts to discredit *Kort* and *Henderson* are futile. Although the form at issue in *Kort* was a required form, here, the Magistrate Court directed plaintiffs to use its form in multiple places on its website. (*See* Butler Aff. ¶¶ 3-6 and Ex. A thereto at 11, 40, 56, 61.) Therefore, even if litigants were not explicitly required to use the Magistrate Court's form, use of the form is still a reasonable procedure. Additionally, while Plaintiff notes that the *Henderson* court found no FDCPA violation occurred, the court's alternative holding that the defendant was entitled to the bona fide error defense for maintaining "procedures to utilize language identical or similar to that in the standard forms issued by the clerks of various counties in Indiana" is directly applicable here. 2007 WL 2286129, at *9.

Plaintiff cites *Hulshizer v. Global Credit Servs., Inc.*, 728 F.2d 1037 (8th Cir. 1984), as support for her claim that Midland Funding improperly relied on "informal advice" by using the court's summons form. (Doc. 42 at 24.) In *Hulshizer*, the defendant sought to excuse its conduct based on its reliance on an agency's informal interpretation of the FDCPA itself. Here, in contrast, Midland Funding did not request the advice of the clerk regarding FDCPA compliance or even regarding how to draft a summons, but instead served Plaintiff with the **court's own summons**. Litigants should be able to reasonably rely on documents provided for use by a court as permissible for use in that court. For these reasons, if the Court finds an FDCPA violation occurred, the Court should grant summary judgment in favor of Midland Funding on the bona fide error defense.

### C. **Plaintiff Has Not Met Her Burden of Demonstrating The Requisite Level of Control Necessary For Vicarious Liability.**

Midland Funding is also not liable under the FDCPA because the sole act at issue in this case—use of the court's summons notice—was an act taken by Midland Funding's attorneys for which Midland Funding cannot be held vicariously liable. As Plaintiff acknowledges, (Doc. 42 at 12-13), when an FDCPA claim is premised on actions taken by a debt collector's attorney, many courts require proof that the defendant supervised or controlled the attorney's

action at issue before imposing liability on the defendant.[6] (*See* Doc. 30-2 at 4-6.) Plaintiff bears the burden of showing the requisite level of control to impose vicarious liability on Midland Funding. *See Clark v. Main St. Acquisition Corp.*, No. 1:12-cv-408, 2013 WL 2295879, at *7 (S.D. Ohio May 24, 2013). Because Plaintiff has proffered no evidence that Midland Funding had any control or supervision over Greene & Cooper's use of the court's summons, Midland Funding is not liable for any FDCPA violation arising from the summons.

Plaintiff cites Midland Funding's Collection Agreement with Greene & Cooper as purported evidence of Midland Funding's control over Greene & Cooper in using the subject summons. (Doc. 42 at 14-17.) However, the "facts" in this discussion are not included in Plaintiff's Additional Material Facts Which Present a Genuine Issue For Trial, (Doc. 42-2), and, therefore, must be disregarded. *See* LR 56.1B(1),(2). Moreover, while the provisions cited by Plaintiff lay out certain conditions with which Greene & Cooper must comply while retained by Midland Funding (such as maintaining insurance, certain technology, and separate deposit accounts), none of the cited provisions show control over Greene & Cooper's

---

[6] Even *Suquilanda v. Cohen & Slamowitz, LLP*, No. 10-Civ-5868, 2011 WL 4344044, at *11 (S.D.N.Y. Sept. 8, 2011), cited by Plaintiff, noted the plaintiff would have to prove the defendants participated in or controlled the law firm's conduct at issue in order to prevail on the merits of her FDCPA claim. *Id.* at *11.

collection actions. Nor do any of the cited provisions relate to the drafting of summonses. In fact, the only provisions that relate to litigation show, without question, that **Greene & Cooper is responsible for drafting all documents to be filed or served in court**, not Midland Funding. Indeed, the provisions entitled "Filing of Suit" and "Processing of Service"—the only provisions that could encompass the completion of the Statement of Claim document—dictate that "[t]he Firm must complete and deliver all necessary suit documents" to the court and "[t]he Firm must prepare all necessary documentation for proper service. . ." (*See* Doc. 45 at 20.) These provisions do not show any involvement by Midland Funding. Accordingly, the Collection Agreement only confirms that Midland Funding does not control the content of summonses used in lawsuits.[7]

Plaintiff claims, by requiring counsel to comply with "local, state, and federal laws," Midland Funding controls the content of summonses because, "[b]y implication, Midland . . . required Greene & Cooper [to] comply with OCGA §§ 15-10-43(c) and 15-10-48, which Greene & Cooper failed to do." (Doc. 42-1, Pla. Resp. to Stmt. of Fact No. 10.) Plaintiff's logic is flawed. By requiring its counsel

---

[7] The Collection Agreement, which is governed by California law, provides that Greene & Cooper is an independent contractor. (Doc. 45 ¶¶ 6.7, 6.14.) This further weighs against a finding of vicarious liability. *See Lynn v. Superior Court*, 225 Cal. Rptr. 427, 429 (Cal. Ct. App. 1986) ("in his role as trial counsel, [an attorney] is an independent contractor" and client is not liable for attorney's acts).

to comply with the applicable law, Midland Funding relied on counsel's discretion, judgment, and expertise regarding how to draft legally compliant documents, including summonses. This reliance on the discretion of counsel is precisely what shields Midland Funding from vicarious liability. *See Cassady v. Union Adjustment Co.*, 2008 WL 4773976, at *6 (N.D. Cal. Oct. 27, 2008). Accordingly, Midland Funding is entitled to summary judgment for this additional reason.

## II. CONCLUSION

As shown herein, the undisputed evidence shows that Midland Funding did not violate the FDCPA by serving a court-drafted summons on Plaintiff. Because no genuine issue of material fact exists, Midland Funding is entitled to judgment as a matter of law. Accordingly, Midland Funding respectfully requests that the Court grant summary judgment in its favor as to all of Plaintiff's claims.

Respectfully submitted, this 10th day of November, 2015,

> */s/ Rachel R. Friedman*
> R. Frank Springfield (Bar # 316045)
> fspringf@burr.com
> Rachel R. Friedman (Bar # 456493)
> rfriedman@burr.com
> BURR & FORMAN, LLP
> 171 Seventeenth Street, NW, Suite 1100
> Atlanta, Georgia  30363
> Telephone:  (404) 815-3000
> Facsimile:  (404) 817-3244
> Attorneys for Defendant MIDLAND FUNDING, LLC

## **CERTIFICATION OF COUNSEL**

I hereby certify that the foregoing **REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.

                                                   *s/ Rachel R. Friedman*
                                                  Rachel R. Friedman
                                                  Georgia Bar No. 456493
                                                  rfriedman@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2015, I presented the foregoing **REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Steven H. Koval
The Koval Firm, LLC
3575 Piedmont Road
Building 15, Suite 120
Atlanta, GA  30305
steve@kovalfirm.com

James W. Hurt, Jr.
Hurt Stolz, PC
345 West Hancock Avenue
Athens, GA  30601
jhurt@hurtstolz.com

David F. Addleton
Addleton Ltd Co.
355 Cotton Avenue
Macon, GA  31201
dfaddleton@gmail.com

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None

*s/ Rachel R. Friedman*
R. Frank Springfield
Georgia Bar No. 456493
rfriedman@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244