IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANA J. ABRAHAM individually and as Class Representative for all others similarly situated, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:14-CV-03485-RWS-JFK |
| MIDLAND FUNDING, LLC, | |
| Defendant. | |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff Dana J. Abraham filed this action seeking statutory damages from Defendant Midland Funding, LLC ("Midland Funding") on behalf of herself and all others similarly situated for Midland Funding's alleged violation of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff claims that Defendant Midland Funding used "false, deceptive, or misleading representations or means" in violation of 15 U.S.C. §§ 1692e and 1692e(10), and "unfair or unconscionable means" in violation of 15 U.S.C. § 1692f, when its attorneys served her in a collection action using the Summons notices, in a form Statement of Claim on the Fulton County Magistrate Court website, which she contends are not compliant with Georgia law.

Defendant Midland Funding has filed a motion for summary judgment [Doc. 30] pursuant to Federal Rule of Civil Procedure 56 based upon the pleadings, statements of material facts, exhibits, and discovery materials submitted to the court. Abraham has responded [Doc. 42]; Midland Funding has replied [Doc. 45]. The matter has been submitted to the undersigned for a report and recommendation.[1]

## I.  Facts

When evaluating the merits of a motion for summary judgment, the court must "view the evidence and all factual inferences raised by it in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-moving party." Comer v. City of Palm Bay, Florida, 265 F.3d 1186, 1192 (11th Cir. 2001). However, mere conclusions and unsupported self-serving statements by the party opposing summary judgment are insufficient to avoid summary judgment. See Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005). Therefore, the evidence presented by the parties having been evaluated in accordance with the foregoing

---

[1] Plaintiff's counsel has filed three similar actions in the District Court. See Simmons v. Cavalry SPV I, LLC, Civil Action 1:15-cv-00857-LMM, N.D. Ga.; Ward v. Asset Acceptance, LLC, Civil Action 1:15-cv-01493-ELR; and Bien-Aime v. Unifund CCR, LLC, Civil Action 1:15-cv-02637-TCB. The Ward and Bien-Aime cases have been stayed pending the district court's final ruling on the summary judgment motion in this action.

2

principles, the following facts are deemed to be true for the limited purpose of evaluating Defendant's motion [Doc. 30] for summary judgment.

In October 2013, Dell Financial Services L.L.C., assigned all rights, title, and interest in a credit account (the "Account") with an outstanding balance of $2,193.00, in the name of Dana Abraham, to Midland Funding. [Doc. 30, Defendant's Statement of Material Facts ("DSMF") ¶ 1]. In February 2014, Midland Credit Management, Inc. ("MCM"), the servicer and authorized agent managing the accounts that Midland Funding purchases including the Account at issue, placed the Account with the law firm Greene & Cooper, LLP ("Greene & Cooper") for collection. [DSMF ¶¶ 2, 3].

MCM and Greene & Cooper entered into a Collection Agreement on July 16, 2009, which governs the placement of accounts with Greene & Cooper and all collection actions taken by Greene & Cooper on behalf of Midland Funding. [DSMF ¶ 13]. The Collection Agreement is intended to benefit "MCM Owners" including Midland Funding and requires Greene & Cooper "to abide by, and conduct all of its activities in a manner consistent with . . . all applicable local, state, and federal laws, rules and regulations including, without limitation . . . the Fair Debt Collection Practices Act." [DSMF ¶¶ 12, 14, 15]. Midland Funding states that it relied on Greene & Cooper to collect the Account in compliance with the law. [DSMF ¶ 11].

3

In March 2014, Greene & Cooper filed a collection action against Plaintiff Abraham, on behalf of Midland Funding, in Fulton County Magistrate Court (the "Court"). [DSMF ¶ 4]. Greene & Cooper used the Statement of Claim form which was provided on the web page of the Court's Clerk as recently as March 17, 2015, as instructed in the Court's Local Rules for filing claims after January 1, 2011. [DSMF ¶¶ 5, 16, 31-33, 35]. The form Statement of Claim is followed by a two-paragraph form "Summons" giving defendants certain notices ("the Summons notices"). [DSMF ¶¶ 16, 35]. Plaintiff was served with the Statement of Claim and Summons in June 2014, and she filed an Answer with the Court, through counsel, on July 7, 2014. [DSMF ¶ 6].

The form Summons served on Plaintiff did not have three of the notices found in O.C.G.A. § 15-10-48 (effective July 1, 2008) which provides that the "statement of claim, verification, and notice" for civil proceedings in Georgia Magistrate Courts "shall be in substantially the . . . form" provided therein. [DSMF ¶¶ 18-20; PSMF ¶¶ 3-5]. As recently as July 6, 2015, Magistrate Courts in six other counties also provided a Statement of Claim form that did not have one or a combination of the same notices. [DSMF ¶¶ 23, 24, 26-28].

4

The Fulton County Court form contained the additional notice – "Your answer may be filed in writing or may be given orally (in person) to the Court. If you mail in your answer it must be notarized." [DSMF ¶ 21]. Magistrate Courts in three other counties required all written answers to be notarized. [DSMF ¶¶ 23, 25, 29]. The answer that Abraham filed with the court was not notarized. Georgia law, O.C.G.A. § 15-10-43 provides, in relevant part and read in context:

> An answer to the claim shall be filed with the court or orally presented to the judge or clerk of the court within 30 days after service of the statement of claim on the defendant to avoid a default. . . . If the answer is presented to the judge or clerk orally, the judge or clerk shall reduce the answer to writing. Verification of an answer shall not be required.

O.C.G.A. § 15-10-43(c) (as amended 2013).

Greene & Cooper, as a routine practice, uses the statement of claim forms provided by the clerk's office of the Magistrate Court in the particular county in which a lawsuit is being filed. [DSMF ¶ 42]. Its staff adds the name and address of the plaintiff and defendant and a statement regarding the debt and amount owed and completes the signature block of the Greene & Cooper attorney filing the lawsuit for the Statement of Claim section of the form. [DSMF ¶ 43]. Greene & Cooper does not draft, revise or sign the Summons portion of the form. [DSMF ¶ 44]. The Court's Deputy Clerk and the party (Deputy Marshall) who made service sign the form below

5

the Summons notices. [DSMF ¶ 17]. Each complaint filed by Greene & Cooper for Midland Funding is reviewed by an attorney to ensure that it is on the correct form for the county in which it is filed. [DSMF ¶ 45]. Greene & Cooper periodically reviews the forms provided by the Magistrate Courts in Georgia to make sure that the firm is using the current version of the courts' forms; the firm stops using any form that has been changed and begins using the new form. [DSMF ¶¶ 46-49].

Additional facts will be set forth as necessary during discussion of Defendant's motion for summary judgment.

## II.   Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (amended 2010). Rule 56(a) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to

grant a directed verdict where there can be but one reasonable conclusion. See Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986).

The movant bears the initial burden of asserting the basis of his motion, and that burden is a light one. See Celotex, 106 S. Ct. at 2553. The movant is not required to negate his opponent's claim. See id. Rather, the movant may discharge this burden merely by "'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." Id. at 2554.

When evaluating a motion for summary judgment, the court must view the evidence and factual inferences in the light most favorable to the nonmoving party. See Frederick v. Sprint/United Mgmt. Co., 246 F.3d 1305, 1309 (11th Cir. 2001). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). Instead, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." Fickling v. United States, 507 F.3d 1302, 1304 (11th Cir. 2007) (citing Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990)).

The court will apply these standards in ruling on the motion for summary judgment.

7

**IV.  Discussion**

Midland Funding does not dispute that it is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6). [See Docs. 30 & 46]. But Midland Funding argues that it should be granted summary judgment based on the undisputed material facts because Abraham has not asserted facts demonstrating that Midland Funding engaged in "conduct within the scope of the Act's prohibitions." [Doc. 30 at 16; Doc. 46 at 1-8]. If the court finds that Midland Funding's attorneys violated the FDCPA, Defendant argues that the violation was completely unintentional and that any mistake by the attorneys on whom Defendant relied was a bona fide mistake. [Id. at 21].

The court notes that debt collector clients can be held vicariously liable for their lawyers' violations of the FDCPA. See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S. Ct. 1605, 1622 (2010) (noting the possibility but not directly addressing vicarious liability where the plaintiff sued the debt collector's attorneys and not the debt collector client) (citations omitted). Courts have applied different tests for determining whether vicarious liability applies. See Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173 (9th Cir. 2006) ("Under general principles of agency. . ., the 'principal' must exercise control over the conduct or

activities of the 'agent.'") (citations omitted); <u>Bodur v. Palisades Collection, LLC</u>, 829 F. Supp. 2d 246, 259 (S.D. N.Y. 2011) (same). And see <u>Pollice v. Nat'l Tax Funding, L.P.</u>, 225 F.3d 379, 405 (3rd Cir. 2000) (concluding that "general partner of a debt collector limited partnership may be held vicariously liable . . . under the FDCPA . . . [i]n light of the general partner's role in managing the affairs of the partnership . . .") (internal quotation marks omitted); <u>Okyere v. Palisades Collection, LLC</u>, 961 F. Supp. 2d 508, 517 (S.D. N.Y. 2013) (holding that whether "the agents act 'in the scope of their authority'" is the appropriate test) (quoting <u>Meyer v. Holley</u>, 123 S. Ct. 824, 829 (2003)). Midland Funding argues that the court should follow the cases requiring that the debt collector client exercise control over the alleged actions of its attorney before finding that the client is vicariously liable for its attorney's acts. [Doc. 30 at 5, citing *inter alia*, <u>Whiteside v. Infinity Cas. Ins. Co.</u>, 2008 WL 3456508, at *14 (M.D. Ga. August 8, 2008) (granting summary judgment on breach of fiduciary duty claim where plaintiff did not establish that the insurance company client "authorized, knew of, or approved of" its attorney's breaches of fiduciary duty) (citations omitted)]. The extent of Midland Funding's control over Greene & Cooper is a disputed material factual issue. Granting summary judgment based on Defendant's vicarious liability argument would therefore be inappropriate.

9

However, based on the undisputed material facts, the court finds that the attorney conduct alleged by Plaintiff is not conduct within the scope of the FDCPA. In order to prevail on a FDCPA claim, Abraham must prove that: "'(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (citation omitted). The first two requirements are undisputed; only the third requirement is at issue here, that is, whether Midland Funding "engaged in a prohibited act or . . . failed to perform a requirement imposed by the FDCPA." Brown v. Credit Mgmt., LP, – F. Supp. 3d –, –, 2015 WL 5480004, at *4 (N.D. Ga. September 16, 2015) (citation and internal quotation marks omitted). Abraham alleges that Defendant Midland Funding engaged in an act prohibited by the FDCPA.[2]

---

[2] Abraham has not alleged that Midland Funding failed to perform a requirement imposed by the FDCPA. The FDCPA requires a debt collector to disclose that it "is attempting to collect a debt and that any information obtained will be used for that purpose[,]" 15 U.S.C. § 1692e(11), and a debt collector must give notice, in writing, "[w]ithin five days after . . . initial communication . . . in connection with the collection of any debt, . . . that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector" as required under 15 U.S.C. § 1692g(a)(3). However, "formal pleadings" like the proof of claim in Townsend v. Quantum3

Abraham alleges that Midland Funding violated the prohibitions in 15 U.S.C. §§ 1692e, 1692e(10) and 1692f, when its counsel served Abraham using the Court's form Summons containing notices which Plaintiff alleges are not compliant with state law.  Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and gives a non-exhaustive list of conduct falling within that prohibition.  15 U.S.C. § 1692e.  Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).  And section 1692f prohibits a debt collector's use of "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  "As with the general prohibition of § 1692e, 'formal pleadings in legal actions' are not excluded from the general prohibition of § 1692f."  Townsend, 535 B.R. at 423 n.3 (quoting Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1259 (11th Cir. 2014)).

---

Group, LLC, 535 B.R. 415 (M.D. Fla. 2015), and the Magistrate Court complaint here are "excluded from the requirements of 1692e(11), and . . . not . . . treated as an 'initial communication' for purposes of 1692g(a)."  Id. at 422, 424.

11

The Eleventh Circuit "use[s] a least-sophisticated consumer standard to consider whether a debt collector's communication violates § 1692e, presuming that the least-sophisticated consumer possesses a rudimentary amount of information about the world and a willingness to read a collection notice" or, as in this case, a debt collector's complaint, "with some care." Hepsen v. Resurgent Capital Services, LP, 383 Fed. Appx. 877, 881 (11th Cir. 2010) (citation and internal quotation marks omitted). "Generally, whether the least sophisticated consumer would construe [the conduct] as deceptive is a question for the jury. . . . However, whether [an] Appellant [or claimant] alleged facts sufficient to state a claim under § 1692e(10) is a legal question for the court." Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1307 n.11 & 1309 (11th Cir. 2015) (finding "state-court activities . . . squarely within the four corners of the FDCPA" but dismissing complaint because the defendant's reply brief in the collection action, taking a position contrary to the plaintiff, was "in the nature of litigation") (citation and internal quotation marks omitted).

The material facts in this action are undisputed. Under Georgia law, the statement of claim, verification, and notice given to defendants in the Magistrate Courts must be "in substantially the . . . form" found in O.C.G.A. § 15-10-48. The

12

Summons portion of the Fulton County Statement of Claim form contained seven of the notices in O.C.G.A. § 15-10-48:

> You are hereby required to file with the Clerk of said Court and to serve a copy on Plaintiff or Plaintiff's Attorney, an answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.
>
> If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint plus cost of this action.
>
> Your answer may be filed in writing or may be given orally (in person) to the Court.
>
> If you mail in your answer it must be notarized.
>
> Upon receipt of your answer a hearing date will be set and you will be notified by mail.
>
> At said hearing, bring your witnesses, books, receipts or other writings bearing on your claim or defense.
>
> Failure to appear at the time of hearing may result in judgment being entered against you.

[See Doc. 30, Declaration of Kyle Cooper ("Cooper Dec."), Exhibits ("Exhs.") 1 (Summons in form Statement of Claim served on Abraham) & 5 (a blank form)].

Plaintiff Abraham claims that notices were not in "substantial compliance" with Georgia law because three notices in the statutory form were not included in the Court's form:

13

> If you wish to have witnesses summoned, see the court at once for assistance.
>
> If you have any claim against the plaintiff, you should notify the court at once.
>
> If you admit the claim, but desire additional time to pay, you must come to the hearing in person and state the circumstances to the court.

O.C.G.A. § 15-10-48.  [See Complt. ¶¶ 28, 30; Cooper Dec., Exhs. 1 & 5].[3]  And Abraham alleges that the Fulton County Court form violated Georgia law, O.C.G.A. § 15-10-1043(c), by adding the notice, "If you mail in your answer it must be notarized."  [Complt. ¶¶ 39-41].[4]

Abraham claims that in using a form Summons that fails to give all of the notices in O.C.G.A. § 15-10-48, Midland Funding violated the FDCPA because it failed to give notices which Plaintiff contends "would provide meaningful information . . . not generally [ ] known to the least sophisticated consumer" on "important rights that benefit consumers such as Plaintiff."  [Complt. ¶¶ 37, 38].  And Abraham claims

---

[3]Cobb County, Henry County, Lee County, Lowndes County, and Laurens County also have a Magistrate Court Statement of Claim form that does not contain one or a combination of the notices not included in the Fulton County Court form.  [Affidavit of Christopher Butler ("Butler Aff."), Exh. A].

[4]The Cobb County, Jackson County and Walker County Magistrate Courts require that all "written answers must be notarized."  [Id.].

14

that, by using the Summons requiring answers sent by mail be notarized, Midland Funding made a "false statement of Georgia law in a manner . . . designed to impose additional burdens on . . . and [ ] encourage defaults" by consumers who "may be reluctant to verify a denial . . . under oath."  [Id. ¶¶ 42-44].  Given the undisputed material facts, the court finds that Plaintiff's FDCPA arguments have no legal merit for the following reasons.

First, while the interpretation of a statute is a legal question to be decided by the court, neither party has cited any legal authority or rule of law supporting a finding that the Fulton County Court form either does or does not violate Georgia law.  Moreover, whether the Court's form or Defendant's attorneys' use of the form violates the state statutes cited by Plaintiff is not the dispositive issue in this action.  Even if the notices were not in compliance with state law, "the conduct or communication at issue must also violate the relevant provision of the FDCPA." LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1192 (11th Cir. 2010). See, e.g., Starosta v. MBNA America Bank, N.A., 244 Fed. Appx. 939, 941 (11th Cir. 2007) (dismissing § 1692e(10) FDCPA claim because "the issue . . . is not whether Borack is in compliance with Florida state law, the issue is whether Borack's law office made a false or misleading communication in violation of the FDCPA . . .").

15

Second, "the purpose of the FDCPA is to 'curb abusive debt collection practices, not legal actions[.]'" Vega v. McKay, 351 F.3d 1334, 1336 (11th Cir. 2003) (quoting McKnight v. Benitez, 176 F. Supp. 2d 1301, 1306 (M.D. Fla. 2001)). To violate §§ 1692e, 1692e(10) or 1692f of the FDCPA as construed by courts across the country, a debt collector's acts or representations must concern the amount of the debt, the name of the creditor, the statute of limitations for collecting the debt, or the debtor's ability to dispute liability. See Miljkovic, 791 F.3d at 1306 (dismissing a § 1692e or § 1692e(10) claim, first noting that attorneys' sworn reply did not violate the FDCPA in the "traditional sense" because the attorneys did not "misrepresent the nature or effect of the writ of garnishment[,] . . . erroneously state the amount of the debt owed by Appellant[,] . . . incorrectly identify the holder of the alleged debt . . . [or make] 'false or deliberately ambiguous threats' of future litigation") (citations omitted). See also Grden v. Leiken Ingber & Winters P.C., 643 F.3d 169, 172 (6th Cir. 2011) (reversing summary judgment where there was a genuine issue of material fact as to whether debt collector's attaching a motion for default to the state court collection complaint was misleading because it falsely suggested that Grden had already missed the deadline to respond to the collection action); McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 952 (9th Cir. 2011) (affirming

16

summary judgment for plaintiff on § 1692e claim where "requests for admission did not include an explanation that, under [state law], the requests would be deemed admitted if McCollough did not respond within thirty days")[5]; Starosta, 244 Fed. Appx. at 942 (citing Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 400-01 (6th Cir. 1998) (affirming summary judgment "concluding that debt collector's use of a synonym did not violate § 1692e(10) because such conduct did not misrepresent the amount of a debt, the consequences of its non-payment, nor the rights of the contacted debtor")) (internal quotation marks omitted); Hepsen, 383 Fed. Appx. at 881 (denying summary judgment on § 1692e(10) claim where genuine issue of material fact remained as to whether demand letter to consumer stated inaccurate debt balance); Hamilton v. Midland Funding, LLC, 2015 WL 5084234, at *1 (N.D. Ala. August 27, 2015) (denying dismissal of §§ 1692d and 1692e claims based on allegations that the collection action was time-barred).

---

[5]The requests for admission were also "false requests for admission [which] violated the FDCPA as a matter of law." Id. ("JRL's requests for admission asked McCollough to admit facts that were not true: that he had never disputed the debt, that he had no defense, that every statement in JRL's complaint was true, and that he had actually made a payment on or about June 30, 2004. [And] JRL had information in its possession that demonstrated the untruthfulness of the requested admissions.").

17

Finally, "[t]he FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation." Carlson v. First Revenue Assurance, 359 F.3d 1015, 1018 (8th Cir. 2004).  "There is no indication whatsoever that Congress considered state law legal remedies to be 'abusive,' nor does it appear necessary to alter the procedures for filing state lawsuits to level the playing field.  After all, if state lawsuits are used in an abusive manner, protection already exists in the court where the action is brought."  McKnight, 176 F. Supp. 2d at 1305.[6]  And, where, as here, there is "no genuine dispute as to any material fact" that the conduct at issue concerns a state court procedural rule, summary judgment is appropriate as a matter of law on FDCPA claims based on that procedural rule or its violation.  Fed. R. Civ. P. 56(a).  "The purpose of the FDCPA is not served by interfering with reasonable debt collection practices" in state court.  Carpenter v. Monroe Financial Recovery Group, LLC, – F. Supp. 3d –, —, 2015 WL 4724785, at *6 (E.D. Mich. August 10, 2015) (citation omitted).  Nor is the purpose of the FDCPA served by interfering with state

---

[6]And see Jerman, 130 S. Ct. at 1622 (noting that lawyers "face sanctions, among other things, for suits presented 'for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.' Fed. Rules Civ. Proc. 11(b), (c).")

court procedural rules or an attorney's compliance with those rules. See Walsh v. Arrow Financial Services, LLC, 2012 WL 255802, at *3 (N.D. Ill. January 27, 2012) ("dismiss[ing] with prejudice . . . claim that . . . Defendants violated the FDCPA by failing to comply with purely formal state procedural rules requiring them to attach certain documents to Arrow's state court complaint").

Because "no genuine issue of material fact exists" as to whether Midland Funding "misrepresented the character, amount, or legal status of" the debt and "nothing in the FDCPA" requires or prohibits the notices of which Plaintiff Abraham complains which concern purely procedural rules "provided by the court," Newman v. Ormond, 396 Fed. Appx. 636, 639-40 (11th Cir. 2010), the court **RECOMMENDS** that Defendant be **GRANTED** summary judgment on Plaintiff's § 1692e claims.

The undisputed material facts fail to demonstrate "any conduct beyond that which [Abraham] asserts violates [§§ 1692e and e(10)] of the FDCPA"; as a result, Abraham "fails to specifically identify how [Midland Funding's] conduct here was either unfair or unconscionable *in addition* to being abusive, deceptive or misleading." Miljkovic, 791 F.3d at 1308 (emphasis in original).[7]  The court accordingly

---

[7]As the Eleventh Circuit noted, "The Act does not supply definitions for 'unfair' or 'unconscionable[.]'" Id. As commonly used, "'[u]nfair' is defined as 'marked by

19

**RECOMMENDS** that Defendant be **GRANTED** summary judgment on Plaintiff's § 1692f claim.

For the above reasons, parties' bona fide error arguments are a moot issue.

### III. Conclusion

The court **RECOMMENDS** that summary judgment be **GRANTED** for Midland Funding.

All pretrial matters have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule 72.1, and Standing Order 14-01 (N.D. Ga. August 15, 2014). The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO RECOMMENDED THIS** 21st day of January, 2016.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

---

injustice, partiality, or deception.' . . . A step beyond unfair, 'unconscionable' is defined as 'shockingly unfair or unjust' . . . [and as] "'having no conscience; unscrupulous . . . showing no regard for conscience; affronting the sense of justice, decency, or reasonableness[.]'" Id. (citation omitted). And, as in Miljkovic, "'neither of these terms describes [Defendant's] conduct here." Id.

20